IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| KEITH RUSSELL JUDD | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:07cv951 |
| JOHN B. FOX | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keith Russell Judd, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

A *de novo* review of the objections in relation to the pleadings and the applicable law has been conducted. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

Further, petitioner's petition is without merit. Petitioner requests placement in a camp status minimum security facility with medical and campaign furloughs. Petitioner complains that the

warden retains a Public Safety Factor for expunged disciplinary cases as well as dismissed cases from the state of New Mexico for Telephone Threats.

Petitioner has no protected liberty interest in his custody or housing assignment. An inmate generally has neither a protectible property nor liberty interest in his custody classification. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988). The Constitution does not provide prison inmates with a liberty interest in a particular classification. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). "Classification of prisoners is a matter left to the discretion of prison officials." *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). "[P]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." *Id.* Plaintiff's complaint that he should be transferred does not state a constitutional issue as plaintiff has no protected liberty interest in his classification or housing. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Accordingly, the above-styled action should be denied.

To the extent petitioner complains of alleged illegal administrative procedures, a civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). On the other hand, the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*,

821 F.2d 1126, 1128 (5th Cir. 1987). A civil rights action is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41. Thus, petitioner must pursue his claim concerning administrative procedures by filing an appropriate civil rights action.

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. Additionally, as set forth above, petitioner's petition is without merit. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **25** day of **November, 2008.**

_____
Thad Heartfield
United States District Judge